## KNIGHT *versus* NICHOLS.

A conveyance of chattels, *if unconditional in its form*, need not be recorded, although intended merely for security, and although the chattels are permitted to remain in possession of the vendor, and the debt thereby secured is of more than thirty dollars.

Whether the adoption of that form, would be indicative of a fraudulent intent, as against creditors of the vendor, would be for the consideration of the jury.

A deposition is not to be rejected, merely because its caption omits to state at whose request it was taken.

The caption of a deposition sufficiently states the cause in which it is to be used, if it name the parties and the Court in which the trial is to be had.

ON EXCEPTIONS from *Nisi Prius*, SHEPLEY, C. J. presiding.

The opinion of the Court, TENNEY, HOWARD, RICE and APPLETON, J. J., was drawn up by

APPLETON, J. — This was an action of replevin, in which the plaintiff claimed title under one Bailey, by virtue of a bill of sale of the articles replevied.

The defendant, a deputy sheriff, justified the taking of the same, under a writ of attachment against said Bailey, as whose property he had seized them.

The plaintiff's bill of sale was accompanied by a delivery of the articles included in it, and was prior in time to the defendant's attachment. There was evidence tending

to show that the plaintiff's bill of sale was given him as se-
curity for a debt due from Bailey to him, and the Court was
requested to instruct the jury that if the bill of sale was given
as security for a prior debt, that in such case the conveyance,
though not in form, yet in fact, would be a mortgage, and
should be recorded.  This request was declined and the jury
were instructed that the bill of sale being absolute, need not
be recorded to become effectual against the attachment, if the
transaction was in good faith.  To this instruction the plain-
tiff excepted.  Of the correctness of this instruction there
can be no doubt.  Bills of sale are not required to be record-
ed.  Mortgages of personal property are alone within the pro-
visions of R. S. chap. 125, § 32.  Bills of sale, for whatever
purposes intended, yet if not mortgages in form, need not be
recorded.  Whether the adoption of this course might or
might not be considered indicative of fraud, would be a ques-
tion properly to be submitted to a jury.  Indebtedness, and an
intention to secure merely, would not be a sufficient considera-
tion for an absolute bill of sale, when the debt remained out-
standing and the vendee was under no obligation to pay it.
Whether the transaction would constitute an equitable mort-
gage, which upon proper proof a Court of equity might en-
force as between the parties, it is not now necessary to
consider or determine.  But however that might be, it would
afford no reason why the bill of sale should be recorded.  It
would not for that cause be within the statute, the object of
which was to protect the respective rights of mortgager and
mortgagee and to give notice to the public, so that a creditor,
seeking to enforce his rights, might know where and to whom
to apply for the purpose of ascertaining such facts as he might
deem necessary for the prudent enforcement of his claims.
The first exception is therefore overruled.  A deposition of-
fered by the defendant was excluded, and exception was taken
to that exclusion.  It is insisted that this deposition was inad-
missible, because it did not state in the caption at whose re-
quest it had been taken.  But in R. S. chap. 133, § 17, the
facts required to be stated therein are specifically set forth and

this is not among those statutory requirements, and we have neither the power nor the inclination to increase their number.

It is further urged that this caption is insufficient, because it does not state the cause in which the deposition is to be used. The construction of this provision of the statute has been fully considered in *Scott* v. *Perkins*, 28 Maine, 33, and in that case it was determined that it was a sufficient compliance with its requirements to state the names of the parties to the cause and the Court in which the same is to be tried. This construction has been acted upon by the profession, interferes with no rights of parties, is liberal in its character, and no sufficient reason is perceived requiring its reconsideration. It is therefore no longer an open question. As the deposition was admissible according to the principles of the case just referred to, this exception must be sustained, and a new trial granted.

*Merrill*, for the defendant.

*Bronson*, for the plaintiff.